**U.S. Department of Justice**
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See "Instructions for Service of Process by U.S. Marshal"

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | CR-15-585 (RJD) |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Roger Huget | Order of Forfeiture |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
United States Marshals Service
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
225 Cadman Plaza East, NY 11201

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

ROBERT L. CAPERS, United States Attorney
Eastern District of New York
271 Cadman Plaza East, Seventh Floor
Brooklyn, New York 11201
Attn: AUSA, Brian Morris

Number of process to be served with this Form 285
Number of parties to be served in this case
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Please execute as directed in the Order of Forfeiture. Please deposit Bank of America check # 1015103199 in the amount of $410,656.68 into the Seized Asset Deposit fund.

CATS ID# 16-FBI-001315

Signature of Attorney other Originator requesting service on behalf of:  ☒ PLAINTIFF  ☑ DEFENDANT
TELEPHONE NUMBER: 718 254-7000
DATE: 6/1/16

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted)
Total Process
District of Origin No.
District to Serve No.
Signature of Authorized USMS Deputy or Clerk
Date: 6/1/16

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address (complete only different than shown above)

Date: JUN -2 2016   Time: ☐ am ☐ pm
Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including endeavors | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| 65.20 | | | 65.20 | | $0.00 |

REMARKS: $410,656.68 deposited into SADF on JUN -2 2016

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

15-585-5

Form USM-285
Rev. 12/80

DSS:EMN:AH/PT/BDM
F.# 2015R01873

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 25 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

ROGER HUGUET,

        Defendant.

------------------------------X

SEALED ORDER OF
FORFEITURE

15 CR 585 (RJD)

WHEREAS, on November 17, 2015, the defendant, ROGER HUGUET, entered a plea of guilty to Counts One through Three of the above-captioned information (the "Information"), charging violations of 18 U.S.C. § 1349 and 18 U.S.C. § 1956(h);

WHEREAS, the defendant acknowledges that money and property are subject to forfeiture as a result of his violations of 18 U.S.C. §1349 and 1956(h), as alleged in the Information; and

WHEREAS, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c), the defendant consents to the forfeiture of the sum of six hundred ten thousand, six hundred fifty-six dollars and sixty-eight cents ($610,656.68), which represents the amount of the defendant's 17.5% interest in profits that Imagina US has realized from certain contracts obtained through the payment of bribes and/or kickbacks, together with the amount of defendant's bonuses entered between 2008 and 2015 attributable to those profits (together, the "Sum Certain"), plus the amount of any Additional Profits From Relevant Contracts[1] as defined in paragraph 2 below

---

[1] The relevant contracts, which are the subject of the schemes set forth in the Information, are the following, all as variously amended: (1) the contract dated on or about April 14, 2008 between

(collectively, the "Forfeiture Money Judgment"), as (i) property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 1349, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and (ii) property, real or personal, involved in the defendant's violations of 18 U.S.C. § 1956(h), or any property traceable to such property, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(b), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

2. The defendant consents to the entry of the Forfeiture Money Judgment. The defendant shall pay the sum of two hundred thousand dollars and zero cents ($200,000.00) towards the Sum Certain portion of the Forfeiture Money Judgment within fourteen (14) days of the date of this agreement (the "Initial Due Date"), and shall pay the remainder of the Sum Certain

---

Media World, LLC ("Media World") and La Federación Nacional de Fútbol de Honduras ("FENAFUTH"); (2) the contract dated on or about March 25, 2011 between Media World and FENAFUTH; (3) the contract dated on or about December 3, 2012 between Media World and FENAFUTH; (4) the contract dated on or about September 15, 2009 between Media World and La Federación Nacional de Fútbol de Guatemala ("FENAFUTG"); (5) the contract dated on or about March 16, 2010 between Media World and FENAFUTG; (6) the contract dated February 28, 2014 between Media World and FENAFUTG; (7) the contract dated on or about September 25, 2009 between Media World and La Federación Salvadoreña de Fútbol ("FESFUT"); (8) the contract dated on or about October 2, 2012 between Media World and FESFUT; (9) the contract between Traffic and La Federación Costarricense de Fútbol relating to the acquisition of media and marketing rights with respect to Costa Rica's 2022 World Cup qualifier matches; and (10) the 2018/2022 Caribbean Football Union ("CFU") World Cup Qualifier contract dated on or about August 28, 2012 between Traffic USA, Inc. and CFU (collectively, the "Relevant Contracts"). Media World is a wholly owned subsidiary of Imagina US.

in full within six (6) months of the date of his agreement with the government (the "Second Due Date"). To the extent that the defendant and/or Imagina US earn or realize any additional profits from the Relevant Contracts as defined in footnote one above that are not included in the Sum Certain, the defendant shall pay an amount equivalent to 17.5% of such profits (the "Additional Profits From Relevant Contracts") on or before the date of sentencing (the "Sentencing Due Date); provided, however, that in the event that Additional Profits From Relevant Contracts are earned or realized by the defendant and/or Imagina US after the date of sentencing (the "Post Sentencing Amounts"), then the defendant shall pay the Post Sentencing Amounts no later than April 15th of the calendar year following the year in which such amounts are earned or realized by the defendant and/or Imagina US (the "Post Sentencing Due Date") (the "Initial Due Date," "Second Due Date," "Sentencing Due Date," and "Post Sentencing Due Date" referred to generally as the "Applicable Due Date")[2]. To the extent that additional information relevant to the calculation of the Sum Certain becomes known to the parties prior to the date of sentencing, the amount of the Sum Certain shall be increased by an amount necessary to take account of such relevant information (the "Adjusted Amount"), which the defendant shall pay on or before the Sentencing Due Date. The defendant shall promptly provide the U.S. Attorney's Office (the "Office") with copies of all

---

[2] The parties agree that nothing herein shall restrain or prevent the defendant and/or Imagina US, beginning thirty (30) days after the date that the Information and the fact of the defendant's guilty plea are unsealed, from lawfully entering into new, amended, or ratified contracts for any of the rights conveyed in the Relevant Contracts (the "New Contracts") or shall restrain or prevent the defendant and/or Imagina US from exploiting commercially any rights obtained thereby. Profits obtained pursuant to New Contracts, if any (the "New Profits"), shall not constitute Additional Profits From Relevant Contracts, as defined above, and shall not be subject to forfeiture pursuant to this Agreement except to the extent necessary to satisfy the Forfeiture Money Judgment should the defendant fail to pay any portion thereof on or before the Applicable Due Date; provided, however, that New Profits shall not include any profits realized from the Relevant Contracts as of the date of his agreement with the government.

records evidencing Additional Profits from Relevant Contracts, including but not limited to financial statements, invoices, and wire transfer records, as such records become available.

3.  The defendant acknowledges that the Office, at its sole discretion, may seek to forfeit the amount of the Forfeiture Money Judgment through commencement of an administrative or civil forfeiture proceeding. The defendant consents to the entry of an administrative declaration of forfeiture as to any payments made towards the Forfeiture Money Judgment and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters. The defendant further waives the filing of a civil forfeiture complaint as to any payments made towards the Forfeiture Money Judgment in accordance with the procedures set forth in 18 U.S.C. § 983. The defendant agrees to execute any documents necessary to effectuate the administrative or civil forfeiture of any payments made towards the Forfeiture Money Judgment.

4.  All payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the United States Marshals Service, with the criminal docket number noted on the face of the check. The defendant shall cause said checks to be sent via certified mail, overnight mail, or Federal Express to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201. The defendant acknowledges that all funds paid by the defendant pursuant to this paragraph shall be subject to a restitution hold to ensure their availability to satisfy any order of restitution entered at sentencing for the benefit of any individuals or entities that qualify as victims under the provisions set forth in 18 U.S.C. §§ 3663 and 3663A. In the event that the Court enters an order of restitution for the benefit of any such victim or victims at the time of sentencing, the Office will request remission or restoration by the Attorney General or her

designee of funds paid by the defendant pursuant to this paragraph, up to the total amount of the restitution ordered, in accordance with the provisions of 21 U.S.C. § 853(i) and 28 C.F.R. Part 9. The defendant acknowledges that the decision to grant remission or restoration of such funds lies within the sole and exclusive discretion of the Attorney General or her designee and that, only if granted, will such funds be transferred to the Clerk of Court in full or partial satisfaction of the order of restitution.

5.  If any payments towards the Forfeiture Money Judgment are not paid on or before the Applicable Due Date, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date at the judgment rate of interest set forth in 18 U.S.C. § 3612(f)(2). If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Applicable Due Date, the defendant consents to the forfeiture of any other property of his up to the amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

6.  The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment by, among other things, executing any documents necessary to effectuate the transfer of title to the United States of any substitute assets. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

7.  The failure of the defendant to forfeit any monies and/or properties as required herein, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of his agreement with the

government. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

8. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines. The defendant agrees that the entry or payment of the Forfeiture Money Judgment is not to be considered a fine, penalty, restitution loss amount, or any income taxes or civil penalties that may be due and shall survive bankruptcy.

9. Upon entry of this Order, the United States Attorney General or her designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of this Order.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order is hereby made final as to the defendant. This Order shall become the final order of forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2), and shall be made part of the sentence and included in the judgment.

11. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

12. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

13. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Nicole Brown, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated:   Brooklyn, New York
         November 23, 2015

                                    s/Raymond Dearie
                                    _____
                                    HONORABLE RAYMOND J. DEARIE
                                    UNITED STATES DISTRICT JUDGE